IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00799-JLK

ROBERT KNERR and
KARYN SQUIRES, on behalf of themselves and those similarly situated,

    Plaintiffs,

v.

BOULDER BJ, LLC,
ARVADA BJ, LLC,
WESTMINSTER BJ, LLC,
LAKEWOOD BJ, LLC,
TAMIAMI BJ, LLC,
SINGLEDECK, LLC, and
BASSAM "SAM" ASKAR,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT (ECF NO. 273)**

---

Kane, J.

    This matter is before me on the Motion for Entry of Default and Default Judgment (ECF No. 273) filed by Plaintiff Karyn Squires. Ms. Squires seeks the entry of default and default judgment against her former employer, Defendant Singledeck, LLC.

    Under Federal Rule of Civil Procedure 55, default and default judgment are distinct legal concepts. *See, e.g.*, *Guttman v. Silverberg*, 167 Fed. App'x 1, 2 n.1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). The Rule sets forth a two-step process in which the entry of default by the Clerk of the Court occurs before default judgment is granted. Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

1

failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Once default has entered, a party may request a default judgment. *See* Fed. R. Civ. P. 55(b). Before a district court may enter default judgment, the court must determine whether it has personal jurisdiction over the defaulting party. *Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[T]*he district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.*" (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986))). Personal jurisdiction generally requires that a summons be served, in compliance with the applicable rules, on the party against whom affirmative relief is sought. *See, e.g.*, *Omni Capital Int'l, Ltd. v. Rudolf Wollf & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

Even when default has entered and a court determines that it has jurisdiction, "[l]iability is not deemed established simply because of the default . . . ." Charles A Wright, Arthur R. Miller, & Mary K. Kane, 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.). "[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id.*; *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *see also Gunawan v. Sake Sushi Restaurant*, 897 F.Supp.2d 76, 83 (E.D.N.Y. 2012) ("[W]ith respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

Plaintiffs[1] filed their initial Complaint in this case on March 18, 2019, *see* Compl., ECF No. 1, and they filed an Amended Complaint on June 24, 2019, *see* Am. Compl., ECF No. 38. In requesting that default be entered against Singledeck, Ms. Squires relies on an Affidavit of Service that indicates a Summons and the Amended Complaint were delivered on July 9, 2019, to "Matthew Payne of Singledeck LLC who is the . . . manager." Aff. of Service at 1, ECF No. 273-11; Mot. for Default at 6, ECF No. 273.

Singledeck is a limited liability company ("LLC"), and thus Federal Rule of Civil Procedure Rule 4(h) sets out the applicable requirements for service. Rule 4(h)(1) provides that service shall be effected by either "the manner prescribed by Rule 4(e)(1) for individuals" or "by delivering a copy of the summons and of the complaint to an officer; a managing or general agent; or to any other agent authorized by appointment or by law to receive service of process." Rule 4(e)(1), the Rule for individuals, specifies that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

Looking to Colorado law, then, Colorado Rule of Civil Procedure 4(e)(4) authorizes service on an LLC by delivering the required documents "to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or any other jurisdiction, or that agent's secretary or assistant." As relevant here, Colorado Rule of Civil Procedure 4(e)(4)(C) also permits the documents to be delivered to a "manager of [an LLC] . . . in which management is vested in the managers rather than members, or that manager's secretary or assistant." If no person specifically listed in the Rule can be found in

---

[1] Robert Knerr is also a Plaintiff in this case, but the present Motion is filed on behalf of Ms. Squires only.

3

Colorado, service may be effected on "any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of[,] such entity." Colo. R. Civ. P. 4(e)(4)(G).

The Affidavit of Service relied on by Ms. Squires indicates only that Matthew Payne is the "manager" of Singledeck. Aff. of Service at 1. Ms. Squires does not point to any evidence showing nor explain how Matthew Payne might fall within one of the categories of individuals listed in either Federal Rule of Civil Procedure 4 or Colorado Rule of Civil Procedure 4. In July 2019, Laura Payne was listed as the registered agent for Singledeck LLC on the Colorado Secretary of State website. *See* June 27, 2019 Periodic Report at 1, https://www.coloradosos.gov/biz/ViewImage.do?masterFileId=20131174275&fileId=20191529332. Based on the Court's review of Singledeck's filings with the Secretary of State, Matthew Payne is listed only as an "organizer" in the company's Articles of Organization. Attachment to Articles of Organization for Singledeck LLC (Mar. 20, 2013), https://www.coloradosos.gov/biz/ViewImage.do?masterFileId=20131174275&fileId=20131174275. His identification as a "manager" on the Affidavit of Service is not sufficient to establish that he is a manager of the LLC and that the LLC's management is vested in the managers rather than its members. *See* Colo. R. Civ. P. 4(e)(4)(C). The logical conclusion from the identification of Mr. Payne as a "manager" is that Mr. Payne is the manager of the Blackjack Pizza restaurant. Consequently, despite Ms. Squires' assertion that Singledeck was served on July 9, 2019, it is not clear from the record that Singledeck was properly served pursuant to the applicable rules.[2]

---

[2] On July 27, 2019, after Mr. Payne was served with the Amended Complaint, Laura Payne filed a "Motion to Strike Class Allegations" purportedly on behalf of Singledeck LLC. *See* Mot. to Strike at 1, ECF No. 47. I issued an order striking Ms. Payne's Motion, explaining that Singledeck may only appear in the case through licensed counsel. *See* 7/30/19 Minute Order at 1, ECF No. 48. I noted that the Affidavit of Service filed by Plaintiffs indicated that Singledeck was

4

Additionally, Ms. Squires filed a Second Amended Complaint (ECF No. 202) in July 2023 *after* Singledeck ostensibly defaulted. It does not appear from the docket that Singledeck was served with that pleading.[3] Ms. Squires' Motion does not discuss how the filing of an amended complaint might impact a default associated with an earlier-filed, superseded pleading.

Accordingly, Ms. Squires' Motion for Entry of Default and Default Judgment is DENIED WITHOUT PREJUDICE. If Ms. Squires intends to seek default and default judgment against Singledeck, she must first file a motion for default demonstrating that the entry of default is appropriate. If and when default is entered, she must file a motion for default judgment. That motion must contain the following additional information:

1) The standard for liability under the FLSA and the specific basis for holding Singledeck liable under that standard;[4]

2) If judgment is sought on Ms. Squires' Colorado wage claims as well, the standard for liability for those claims and the basis for holding Singledeck liable under those standards;

3) If declaratory judgment is being sought, the basis for granting such relief;

4) Whether pre-judgment and/or post-judgment interest are being sought; and

5) How the Court should dispose of the claims and/or relief included in the Second

---

to file a responsive pleading that same day, and I instructed that Singledeck must be represented by an attorney in order "[t]o challenge the propriety of service or any other proceeding in this case or to file a responsive pleading." *Id.* Ms. Squires has not argued that Singledeck has waived any lack of proper service.

[3] Under Federal Rule of Civil Procedure 5(a)(2), service of an amended pleading on a party that is in default is only required if the pleading asserts a new claim for relief against the party.

[4] Ms. Squires' Motion asserts that "Singledeck reimbursed her less than a reasonable approximation of her vehicle costs incurred in performing her job." Mot. for Default at 2. But the Motion does not fully explain why $1.25 per delivery was not a reasonable approximation (e.g., that $1.25 per delivery amounted to approximately $0.16 per mile) nor the legal significance of failing to reimburse Ms. Squires a reasonable approximation of the vehicle costs incurred.

5

Amended Complaint that are not addressed with the Motion for Default Judgment.

DATED this 8th day of May, 2025.

$\hspace{6cm}$ _____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

6